UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PHILLIPS,<br><br>                Plaintiff,<br><br>   v.<br><br>MACY'S, INC.,<br><br>                Defendant. | Civil Action |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**INTRODUCTION**

This is an action for the infringement of the copyright to a bronze sculpture known as the "Fishing Frog," which is located alongside Frog Pond in the Boston Common. The copyright to sculpture is owned by Plaintiff, David Phillips. Defendant, Macy's Inc. made a copy of the Fishing Frog without Plaintiff's permission or authority, and exhibited the copy in an outdoor Christmas window display in its downtown Boston store.

**PARTIES AND JURISDICTION**

1. Plaintiff, David Phillips (hereinafter, "Phillips" or "Plaintiff"), is an award-winning professional sculptor specializing in stone and metal, having an usual place of business at 236 Boston Avenue, Medford, Middlesex County, Massachusetts 02155.

2. Defendant, Macy's, Inc. (hereinafter, "Macy's" or "Defendant"), is a Delaware corporation, duly organized by law, having corporate offices at 7 West Seventh Street, Cincinnati, Ohio 45202, and 151 West 34th Street, New York, New York 10001. At all times material hereto, Macy's has operated and continues to operate a retail store in downtown Boston, at 450 Washington Street, on the corner of Washington and Summer Streets, Boston, Suffolk County, Massachusetts.

3. This case arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq. This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1338(a), and venue is proper under 28 U.S.C. § 1400(a).

## BACKGROUND

4. In or around 2003, Phillips designed and fabricated a series of six fanciful frog sculptures that were installed along Frog Pond and the adjacent playground on Boston Common in Boston, Massachusetts.

5. Phillips registered said sculptures with the Copyright Office under the title "Boston Common Frog Pond Playground, Six Bronze Frogs with Water Elements," and he was assigned Copyright Registration Number VA0001874590, effective March 28, 2013. Phillips is the sole owner of all right, title, and interest in the copyrights to all said sculptures, including the individual sculpture that Phillips refers to as the "Fishing Frog." A copy of the registration details from the Copyright Office is attached as "Exhibit A." A photograph of the Fishing Frog sculpture is attached as "Exhibit B."

6. Macy's or its agents, servants or employees copied Phillips' Fishing Frog sculpture without permission or authority from Phillips, and it used a copy of said statue in Christmas window display facing Summer Street in its downtown Boston store. Such copying,

use and public display of the "Fishing Frog" sculpture without Phillips' permission or authority constitutes an infringement of Phillips' copyright for which he is entitled to damages. A photograph of Macy's copy of Phillips' Fishing Frog sculpture is attached as "Exhibit C."

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, David Phillips, requests the Court enter judgment against Defendant, Macy's, Inc., and grant the following relief:

a. That this Court issue a Preliminary Injunction then a Permanent Injunction, enjoining and restraining Macy's from using and displaying Plaintiff's Fishing Frog Sculpture in any form and for any purposes whatsoever, including but not limited to use in window displays, as photographs and in promotions and advertising;

b. That Defendant be required to deliver up for impoundment its copy of Phillips' Fishing Frog sculpture, including but not limited to all preliminary, intermediate and final designs, illustrations, models, maquettes, prints, photographs and other copies of Plaintiff's Fishing Frog sculpture in all forms whatsoever which are in Defendant's possession or under its control and to deliver up for destruction all infringing designs, illustrations, models, maquettes, prints, photographs and other copies of Plaintiff's Fishing Frog sculpture, including all copies, photographs, negatives, positives, transparencies, video tapes, film, electronic copies, electronic scans, hard drives, CD-ROMs, DVDs and any other materials used for storing or making copies of the Fishing Frog Sculpture;

c. That Defendant be required to pay Plaintiff such damages as Phillips has sustained as a consequence of Defendant's infringement of Plaintiff's copyrighted Fishing Frog Sculpture and to account for all gains, profits and advantages derived by Defendant from its use of said sculpture;

      d.      That the Defendant be required to pay to the Plaintiff statutory damages within the provisions of the Copyright Act in a sum not less than $750.00, nor more than $30,000.00, or if the Court finds that the infringement was committed willfully, such statutory damages as to the Court shall appear just within the provisions of the Copyright Act in a sum up to and including $150,000.00;

      e.      That Defendant pay to Plaintiff, his costs of this Action together with reasonable attorney's fees in an amount to be determined by this Court;

      f.      That Plaintiff have such other and further relief as is deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims triable to a jury.

Dated: January 9, 2015

Respectfully submitted,

David Phillips
By his Attorney,

*s/ Andrew D. Epstein*

_____

Andrew D. Epstein, Esq.
(BBO #155140)
BARKER, EPSTEIN & LOSCOCCO
10 Winthrop Square
Boston, MA 02110
p: (617) 482-4900
f: (617) 426-5251
Photolaw@aol.com